### C. B. HASSELL v. AMERICAN PEANUT CORPORATION.

(Filed 18 September, 1929.)

**Contracts F c—Refusal of trial court to submit instruction on counterclaim held erroneous under the facts of this case.**

> Where, in an action on contract to recover the purchase price of a carload of peanuts sold and delivered, the defendant sets up a counterclaim for damages for the failure of the plaintiff to ship three other carloads of peanuts under an alleged contract, the plaintiff contending that he was the agent for the purchase of the three carloads and not under contract to ship them: *Held*, under the facts of this case, it was error for the trial court to refuse to give the jury instructions upon the counterclaim so pleaded and proven.

APPEAL by defendant from *Small, J.*, at March Term, 1929, of MARTIN.

Civil action to recover $1,212.08, the price of a carload of peanuts shipped to the defendant at Norfolk, Va., on 8 December, 1927, by the plaintiff who is a resident of Martin County, this State.

The defendant admits liability for the peanuts in question, but sets up a counterclaim for $720 because of the plaintiff's alleged failure to deliver three carloads of peanuts sold to the defendant in November, 1927. The defendant tenders judgment for the difference between the plaintiff's claim and its counterclaim.

Plaintiff denies liability for failure to deliver the three cars in November, alleging that he purchased same as agent of the defendant and because of a rising market was not able to secure deliveries from those who agreed to sell to him.

From a verdict and judgment in favor of the plaintiff and denying the defendant any recovery on its counterclaim, the defendant appeals, assigning errors.

*B. A. Critcher, A. R. Dunning and Ward & Grimes for plaintiff.*
*Stanly Winborne and H. W. Stubbs for defendant.*

PER CURIAM. Without detailing the evidence, or the long correspondence had between the parties, we are of opinion that a contract of sale for the three carloads of peanuts, as alleged by the defendant in its counterclaim, rather than one of agency, has been established and that the defendant is entitled to have the jury assess its damages for the breach of said contract. The court's refusal so to instruct the jury was error.

New trial.